IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,

v.

MARCO TORRES-RODRIGUEZ,

               Defendant.

1:15-cr-342-WSD

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Janet F. King's Final Report and Recommendation [17] ("R&R"). The R&R recommends the Court deny Defendant Marco Torres-Rodriguez's ("Defendant") Motion to Dismiss the Indictment for Violation of the Speedy Trial Act [13] ("Motion to Dismiss"). Also before the Court are Defendant's Objections [20] to the R&R.

**I.    BACKGROUND[1]**

On August 4, 2015, Homeland Security Investigations ("HSI") Special Agent Andrew Clark and Enforcement and Removal Operations ("ERO") Officer

---

[1] The facts are taken from the R&R and the record. The parties have not objected to any specific facts in the R&R, and the Court finds no plain error in them. The Court thus adopts the facts set out in the R&R. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

Richard Lall contacted and interviewed Defendant Torres-Rodriguez. ([13] at 1, Ex. B (Report of Investigation); [15] at 2). Prior to contacting Defendant, Special Agent Clark was aware that Defendant was a citizen of Honduras, had a lengthy criminal history and had been removed or deported from the United States on or about April 17, 2007, and July 15, 2009. ([13] at Ex. B). After Special Agent Clark identified himself, he requested Defendant's identification, and Defendant produced a Honduran passport. (Id.) The agent arrested Defendant advising him that "he was under arrest for re-entering the United States after being previously removed." (Id.). Defendant was arrested pursuant to a Warrant for Arrest of Alien (I-200), that is, an immigration warrant based on his presence in the United States "in violation of the immigration laws." ([15] at 2, Ex. A (Warrant for Arrest of Alien)).[2] And, "[b]ecause of the possibility of a criminal prosecution for Title 8, USC, 1326, SA Clark advised TORRES of his Miranda rights . . . ." ([13] at Ex. B). Defendant waived his rights and agreed to answer questions admitting that he was a citizen of Honduras, that he had been deported and that he had reentered the United States two years ago through Laredo, Texas. (Id.).

Defendant was transported to the Atlanta City Detention Center "for

---

[2]   The warrant specifies that Defendant was "liable to being taken into custody as authorized by section 236 of the Immigration and Nationality Act." (Id.).

2

continuation of administrative removal proceedings[,]" where he was processed for the administrative arrest. (Id.). His fingerprints were obtained by ERO Officer Lall, and, on the fingerprint card under the heading "Charge/Citation" was the following notation: "8 USC 1326A - RE-ENTRY AFTER DEPORTATION." ([13] at Ex. A ("Fingerprint Card")). A Notice of Intent/Decision to Reinstate Prior Order [of deportation/removal], Form I-871, ([15] at Ex. B ("Form I-871")) was issued on August 5, 2015, by Officer Lall. ([15] at 2).[3]

Although the date is not specified, Special Agent Clark presented information regarding Defendant to Assistant U.S. Attorney Kim Dammers. ([13] at Ex. B).[4] On September 15, 2015, a federal grand jury in the Northern District of Georgia returned a one-count indictment charging Defendant with illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(1). ([1]). Forty-two (42) days elapsed from the date of Defendant's arrest on August 4, 2015, and the return of the indictment on September 15, 2015. ([13] at 2).

---

[3] After being deported, an alien is subject to summary deportation through the reinstatement of the prior order of deportation. See 8 U.S.C. § 1231(a)(5); 8 C.F.R. § 241.8. Therefore, once the I-871 Form is executed, the alien does not appear before an immigration judge and cannot appeal removal to the Board of Immigration Appeals. See 8 C.F.R. § 241.8.

[4] Contrary to Defendant's statement that this occurred on August 5, 2015, ([13] at 2), the undated report of investigation does not state when this occurred. ([13] at Ex. B).

On November 16, 2015, Defendant filed his Motion to Dismiss. In it, he argues that, because the duration between Mr. Torres's arrest by Special Agent Clark on August 4, 2015, and the return of the indictment on September 15, 2015, is forty-two (42) days, Defendant's indictment must be dismissed in violation of the Speedy Trial Act, which requires an indictment within thirty (30) days of arrest.

On December 16, 2015, the Magistrate Judge issued her R&R. The Magistrate found that the Speedy Trial Act was not triggered because immigration detentions preceding deportation are civil in nature.

On December 29, 2015, Defendant filed his Objections. Defendant argues that his arrest by Special Agent Clark was for "federal prosecution," that he was not arrested for civil purposes, and therefore the Speedy Trial Act applies. Defendant repeats his argument that the Speedy Trial Act applies because forty-two (42) days elapsed between his August 4, 2015, arrest and his September 15, 2015, indictment.

Additional facts will be set forth as necessary during discussion of Defendant's motion to dismiss.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). If no party has objected to the report and recommendation, a court conducts only a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

### B. Analysis

The Speedy Trial Act, 18 U.S.C. § 3161(b), provides, in pertinent part, that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3162(a)(1) provides, in pertinent part, that "[i]f, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section

3161(b) . . ., such charge against that individual contained in such complaint shall be dismissed or otherwise dropped." Defendant contends that this provision of the Speedy Trial Act was violated because he was not indicted within thirty days of August 4, 2015, when he was taken into ICE custody. ([13], Obj.). In support of his Motion to Dismiss, Defendant argues that: (1) when he was arrested, Special Agent Clark advised Defendant "that he was under arrest for re-entering the United States after being previously deported[;]" (2) that his fingerprint card identified the offense of arrest as "8 USC 1326A-RE-ENTRY AFTER DEPORTATION[;]" (3) that on August 5, 2015, the Special Agent presented information to the AUSA about Defendant; and that Defendant was not indicted until September 15, 2015, on the charge of re-entry after deportation. ([13]).

In United States v. Noel, 231 F.3d 833 (11th Cir. 2000), the Eleventh Circuit Court of Appeals joined other circuits holding that because immigration "detentions preceding deportation are civil in nature, they do not trigger the Speedy Trial Act." Id. at 836; see also United States v. Drummond, 240 F.3d 1333, 1335-36 (11th Cir. 2001) (same); United States v. Chavez, 705 F.3d 381, 384 (8th Cir. 2013) ("Because immigration proceedings are civil, persons arrested under [8 U.S.C.] § 1357(a)(2) do not have the protections of Rule 5(a)." (citations omitted)). The Eleventh Circuit has recognized a limited exception to this rule, which applies

"when deportations are used by the government as 'mere ruses to detain a defendant for later criminal prosecution.'" Drummond, 240 F.3d at 1336 (quoting Noel, 231 F.3d at 836).

Defendant's Objections largely restate the arguments he made in his Motion to Dismiss. Defendant argues, confusingly, that:

> [H]e was arrested by HSI SA Clark and he therefore does not need to argue or offer evidence that the arrest by administrative officers was a ruse—because they did not arrest him. Regardless of whether the administrative officer arrested Mr. Torres IN ADDITION TO the arrest by HSI SA Clark, the arrest by SA Clark implicates the Speedy Trial Act.

(Obj. at 2). It appears that Defendant argues that his arrest by Special Agent Clark constituted a criminal arrest, rather than a civil arrest, and therefore the arrest triggered the Speedy Trial Act. Defendant appears to argue that, because his arrest was a criminal arrest, he is not required to show that his detention and deportation was a "mere ruse." The Magistrate Judge addressed these arguments, and found that Special Agent's Clark arrest was not a criminal arrest that triggered the Speedy Trial Act. The Court agrees.

The Eleventh Circuit's Noel decision is instructive here. In Noel, the defendant had been deported from the United States. Thereafter, he illegally re-entered the United States and was convicted of state offenses. While serving his state sentence, the Florida Department of Corrections notified the immigration

authorities that Noel was a deportable alien.  An immigration detainer was lodged against him.  Based upon this detainer, Noel was released into immigration custody to begin deportation proceedings on March 7, 1999.  About a month later, the immigration authorities confirmed his prior deportation and reinstated his earlier deportation order.  Two weeks later, a federal grand jury returned an indictment charging Noel with illegal re-entry following deportation.  He was arrested a week later, and appeared before a magistrate judge that same day.  In rejecting Noel's challenge under the Speedy Trial Act, the Eleventh Circuit expressly rejected Noel's contention that his speedy trial rights were triggered by the arrest on March 7, 1999, when immigration officers took him into custody, holding that "detentions attendant to deportations are civil in nature; they do not implicate [the Speedy Trial Act], which only governs criminal arrests."  Noel, 231 F.3d at 837.

Similarly, in Drummond, Mr. Drummond, a citizen of Jamaica, was deported from the United States.  He attempted to re-enter the United States by presenting a revoked resident alien card at the Miami International Airport.  He was detained by the Immigration and Naturalization Service, now the Department of Homeland Security, and was transported to a detention center.  Two months later, a criminal complaint was filed and a warrant issued for Drummond's arrest on charges of illegal re-entry.  Drummond was indicted about a week later under 8

U.S.C. § 1326(a), the same provision under which Defendant was indicted. In finding that the Speedy Trial Act was not triggered by INS's arrest and detention of Drummond, the Eleventh Circuit noted that the Speedy Trial Act was not "intended to apply to INS detentions. The text of the statute specifically provides that the Act's 30-day requirement applies to indictments issued in connection with the offense for which a defendant was arrested." Drummond, 240 F.3d at 1335 n.3. The Court further stated that "[a]n arrest and detention pursuant to a deportation proceeding is not an arrest for a federal criminal offense; rather it is a purely civil action to determine eligibility to remain in this country, even though the act of entering and remaining unlawfully in this country is itself a federal offense." Id. The Eleventh Circuit concluded that, because Drummond was not formally charged with violating 8 U.S.C. § 1326(a) at the time of his initial detention by the INS, the Speedy Trial Act did not apply. Rather, the Speedy Trial Act was only triggered two months after his initial detention, when "Drummond was arrested in connection with the criminal charge for which he was actually indicted." Id. at 1336.

Here, Special Agent Clark, detained Defendant for the purpose of initiating deportation proceedings, because Special Agent Clark believed Defendant was in violation of immigration laws. "An arrest and detention pursuant to a deportation

proceeding is not an arrest for a federal criminal offense." Drummond, 240 F.3d at 1335 n.3.[5] Thus, Special Agent Clark's arrest of Defendant did not trigger the Speedy Trial Act.[6]

The Magistrate Judge discussed, and distinguished, a handful of cases from other jurisdictions that have found that an immigration arrest triggers the Speedy Trial clock where the administrative and criminal charges against the defendant are identical such that the detention is simply used as a substitute for criminal arrest. (R&R at 10). The Court agrees with the Magistrate that these cases presented facts showing actual collusion between immigration officials and prosecuting authorities, such that the "mere ruse" exception applied. See United States v. De

---

[5] Defendant argues that, when he was arrested, he was advised that he was "under arrest for re-entering the United States after being previously removed," ([13.2] at 2), which establishes that his arrest was a criminal arrest. In United States v. Pasillas-Catanon, the Tenth Circuit Court of Appeals found that, where defendant was arrested by an immigration agent because he was "an alien present in the United States without being admitted or paroled," the arrest was civil. 525 F.3d 994, 997 (10th Cir. 2008). Because "[d]eportation proceedings are civil matters," the Tenth Circuit found that the Speedy Trial Act was not triggered until defendant was arrested several months later by the U.S. Marshal's Service in connection with the criminal offense of illegally possessing a counterfeit green card. Id. The same reasoning applies here, and is consistent with Eleventh Circuit precedent.

[6] At the time Special Agent Clark detained Defendant, he advised Defendant of his Miranda rights "[b]ecause of the possibility of a criminal prosecution" for violation of 8 U.S.C. § 1326(a). This further supports that Defendant was not formally charged with a violation of 8 U.S.C. § 1326(a) at the time of his arrest by Special Agent Clark.

La Pena-Juarez, 214 F.3d 594, 598 (5th Cir. 2000); United States v. Restrepo, 59 F. Supp. 2d 133, 137 (D. Mass. 1999); United States v. Vasquez-Escobar, 30 F. Supp. 2d 1364, 1367 (M.D. Fla. 1998).  The Court agrees with the Magistrate Judge's determination that Defendant does not offer any facts to support a finding that the "mere ruse" exception to the rule that civil immigration detentions do not trigger the Speedy Trial Act applies in this case.  See Drummond, 240 F.3d at 1335-36.  Defendant does not object to the Magistrate Judge's determination that the "mere ruse" exception does not apply in this case, and the Court finds no plain error in this finding and recommendation.  See Slay, 714 F.2d at 1095.

Defendant next appears to argue that the Speedy Trial Act was triggered on August 5, 2015, because the United States Attorney's Office decided to criminally prosecute Defendant around that time.  Defendant points to language in the Report of Investigation, which states:

> On August 5, 2015, SA Clark talked with SOI regarding the information obtained from TORRES.  SOI stated that TORRES was lying, that he was 18th Street, and definitely not MS13.
>
> SA Clark presented this information to Assistant United States Attorney Kim Dammers.  AUSA Dammers accepted the case for criminal prosecution for Title 8 USC 1326.

([13.2] at 3).  In an attempt to resolve the ambiguity in the date that Clark spoke with AUSA Kim Dammers, Defendant presents an August 5, 2015, email from

Clark to Carlos E. Gamarra—presumably a coworker of Mr. Clark's—which states that "[w]e are prosecuting [Defendant] for Re-Entry, and I wanted to get the AUSA accurate info."  (Obj. at Ex. A [20.1]).  Defendant argues that this email establishes that "the decision to prosecute Mr. Torres by the US Attorney's office had already been made."  (Obj. at 3).

Even assuming, however, that the evidence Defendant offers establishes that a "decision to prosecute" was made on August 5, 2015, Defendant does not offer any authority showing that a decision to prosecute triggers the Speedy Trial Act.  In Drummond, for instance, the Eleventh Circuit found that the Speedy Trial Act was only triggered two months after Drummond's initial detention, when "Drummond was arrested in connection with the criminal charge for which he was actually indicted."  240 F.3d at 1336.  In Noel, the Eleventh Circuit appeared to find that the Speedy Trial Act was triggered when Noel was formally charged by federal prosecutors with a violation of 8 U.S.C. § 1326(a).  See Noel, 231 F.3d at 836 (Speedy Trial Act is triggered either by an arrest and charge, or by an indictment).  Here, Defendant does not show any evidence establishing when he was formally charged with a violation of 8 U.S.C. § 1326(a).  To the extent that Defendant offers the "decision to prosecute" evidence to show some collusion between Special Agent Clark and the AUSA for purposes of the "ruse" exception,

the Court rejects Defendant's argument, because "[t]he fact that federal criminal authorities might have known about [the defendant's] detention . . . does not necessarily support a conclusion that they colluded with . . . [ICE] to detain [the defendant]." De La Pena-Jaurez, 214 F.3d at 600.

The Court finds that Defendant's "arrest and detention pursuant to a deportation proceeding [was] not an arrest for a federal criminal offense," Drummond, 240 F.3d at 1335 n.3, the "ruse" exception does not apply, and thus the Speedy Trial Act was not violated.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Objections [20] to the R&R are **OVERRULED**.

**IT IS FURTHER ORDERED** that Magistrate Judge Janet F. King's Final Report and Recommendation [17] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant Marco Torres-Rodriguez's Motion to Dismiss the Indictment for Violation of the Speedy Trial Act [13] is **DENIED**.

**SO ORDERED** this 4th day of March, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE